UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Crawford Murray,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Regal Capital Group LLC and Zachary Ramirez,<br><br>　　　　Defendants. | Case No.: 3:23-cv-973<br><br>CLASS ACTION COMPLAINT<br><br>(Jury Trial Demanded) |

## INTRODUCTION

1. Americans receive billions of spam calls every year.

2. Regal Capital Group LLC ("Regal Capital"), a company which sells loan products and services nationwide, is a major participant in this spam.

3. Like most Americans, Plaintiff Crawford Murray ("Murray") and class members have a mobile cellular telephone.

4. Being mobile, Murray and class members take their phones everywhere. They use their phones to receive and make important calls, to get emergency information, and to send text messages to family members and friends. They use their phones in their homes and for their personal enjoyment.

5. Murray's, and class members', privacy and phone have been invaded by relentless automated calls from "Regal Capital."

1

6. Murray, and members of the classes, have no relationship with Regal Capital and/or Zachary Ramirez, have no account with Regal Capital and/or Zachary Ramirez, have never provided any phone number to Regal Capital and/or Zachary Ramirez, and have never agreed for Regal Capital and/or Zachary Ramirez to send any type of communication.

7. Murray, and some class members, have tried to eliminate the harassment and invasion of their privacy from unauthorized calls by registering on the National Do Not Call Registry ("DNCR"), but even that did not work.

8. Regal Capital simply continues to blast calls while hiding its identity, without caring if consent was obtained or if the recipient was on the DNCR.

9. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the Defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

10. Murray brings this action for himself and for other similarly situated people in the United States to enjoin these abusive practices, and for damages.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District.

## PARTIES

13. Plaintiff Crawford Murray is a resident of St. Augustine, Florida.

14. Defendant Regal Capital Group LLC is an inactive Wyoming corporation whose principal place of business is located in Sheridan, Wyoming.

15. Defendant Zachary Ramirez is an individual believed to be a resident of Huntington Beach, California.

16. Upon information and belief, Zachary Ramirez has control over the actions of Regal Capital that are at issue in this litigation.

## FACTUAL ALLEGATIONS

17. Murray's privacy and phone have been invaded by the non-emergency telemarketing calls from Regal Capital.

18. Murray is the residential subscriber of the cell phone number 305-849-3056. Murray uses this number solely for personal use and as his residential phone number. Murray makes and takes residential calls with this number on a daily basis.

19. The 305-area code of Murray's phone number is an area code assigned to numbers in Florida.

20. Murray registered 305-849-3056 on the DNCR to stop telephone solicitations on March 24, 2023.

21. Regal Capital knowingly and willfully initiated at least seven calls to Murray. These seven calls left messages using a prerecorded voice. Some examples of the calls follow.

22. On May 1, 2023, the phone number 856-209-1417 called Murray and left the following prerecorded message on Murray's voicemail:

> Hi this is Stephanie calling you back. Just a quick reminder based on your business' Dun and Bradstreet score of 76 we do still have you pre-approved for up to a $500,000 line of credit starting at just 4.8 percent. Now the funds can be available within 24 hours if you're interested but the offer does expire soon so please call me back at 213-468-6080, again that number is 213-468-6080. I hope you have a blessed day thank you.

23. On May 15, 2023, the phone number 406-616-9044 called Murray and left the following identical prerecorded message on Murray's voicemail:

> Hi this is Stephanie calling you back. Just a quick reminder based on your business' Dun and Bradstreet score of 76 we do still have you pre-approved for up to a $500,000 line of credit starting at just 4.8 percent. Now the funds can be available within 24 hours if you're interested but the offer does expire soon so please call me back at 213-468-6080, again that number is 213-468-6080. I hope you have a blessed day thank you.

24. On June 12, 2023, Murray received the same prerecorded message on his voicemail from two different phone numbers:

    i.    At 4:31 PM EST on June 12, 2023, the phone number 720-790-0732 called Murray with this prerecorded message:

> Hey this is Mark reaching back out again today is Monday June 12th please call me back at 205-460-5898. So I received a notification that your business' Dun and Bradstreet score was recently upgraded up to a 76 now this is a big deal because it puts your business in the top 10 percent of businesses within your industry and revenue range. Now because you have this score we're happy to say that your business has been pre-qualified for a credit line of up to $500,000. Now the interest rates of these lines start as low as 4.8 percent, so they really don't cost very much. Uh one of the best things about this offer is how fast we can get the money over to you. If you were to say yes to this credit line we can have the funds ready for you within just 24 hours but please remember these offers don't last forever so please call me back today at 205-460-5898. Hope you have a really good day look forward to speaking with you.

    ii.    At 4:56 PM EST on June 12, 2023, the phone number 202-658-7329 called Murray with this identical prerecorded message:

> Hey this is Mark reaching back out again today is Monday June 12th please call me back at 205-460-5898. So I received a notification that your business' Dun and Bradstreet score was

recently upgraded up to a 76 now this is a big deal because it puts your business in the top 10 percent of businesses within your industry and revenue range. Now because you have this score we're happy to say that your business has been pre-qualified for a credit line of up to $500,000. Now the interest rates of these lines start as low as 4.8 percent, so they really don't cost very much. Uh one of the best things about this offer is how fast we can get the money over to you. If you were to say yes to this credit line we can have the funds ready for you within just 24 hours but please remember these offers don't last forever so please call me back today at 205-460-5898. Hope you have a really good day look forward to speaking with you.

25. The caller in each of the messages failed to identify his/her full name and the entity on whose behalf the call was made.

26. The calls come from different telephone numbers despite the content of the message being essentially the same.

27. The phone number 213-468-6080 identified by the prerecorded voice is a phone number controlled by Regal Capital.

28. The scripts used in these prerecorded calls match the scripts used in calls to other clients of Plaintiff's counsel, as well as scripts used in calls identified in other TCPA litigation against Defendants.

29. Murray never provided his number to Defendants, never had a relationship with Defendants, and never gave permission to Defendants to send any type of communication.

30. These calls were made for the purpose of soliciting Regal Capital's various loan products and services.

31. The calls were made using an artificial or prerecorded voice message. This is based on the following:

    i. the voice mail messages were not personalized to Murray;

    ii. Defendants placed multiple calls to Murray over a short period of time including the June 12th calls that were within an hour of each other;

    iii. There was a long pause between when the outgoing voicemail message left a beep and the beginning of the prerecorded message playing;

    iv. The messages left sounded like a recording; and

    v. More than one voicemail was left in which the voicemail message—including the intonation, pauses, etc.—were the same.

32. Several other clients of Plaintiff's counsel have received the same or similar calls. On information and belief, Regal Capital initiates and makes thousands of similar calls to thousands of people.

33. These calls have caused Murray frustration, stress, anxiety, and worry about scammers. The calls hinder Murray from determining the purpose of the call,

7

from making a do-not-call request, and determining the importance of a call. The calls reduce the storage and battery life on Murray's phone. The calls diminish the value of Murray's phone and Murray's enjoyment of life. In short, the calls invade Murray' privacy and cause a nuisance, an annoyance, and an intrusion into Murray's seclusion.

34. Defendants have been sued for violations of the TCPA and are therefore aware of the regulations necessary to maintain compliance with the TCPA.

35. On information and belief, Zachary Ramirez personally initiated the calls and actively authorized, oversaw and directed the telephone spam. This is based on the following facts:

    i. Zachary Ramirez has identified himself as the CEO of Regal Capital;

    ii. Regal Capital was administratively dissolved January 9, 2023, for failing to file its annual reports with the State of Wyoming; and

    iii. After the administrative action, pre-recorded calls continue to be made by Regal Capital.

36. By initiating pre-recorded calls to Murray and the class members, Defendants harmed Murray and the class members in the exact way that Congress sought to protect in enacting the TCPA.

## LEGAL STANDARD

37. **Injury**. The Supreme Court recently recognized the nuisance that comes from telephone spam. "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.'" *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S.Ct. 2335, 2344 (U.S., 2020). "The TCPA is intended to prevent harm stemming from nuisance, invasions of privacy, and other such injuries." *Leyse v. Bank of Am. Nat'l Ass'n*, 856 F. App'x 408, 411 (3d Cir.). "When one sues under a statute alleging the very injury the statute is intended to prevent a concrete injury has been pleaded." *Id.* (cleaned up).

38. **Prerecorded or Artificial Voice.** The TCPA prohibits calls to cell phones using "an artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

39. **Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered

9

his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

40. **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

41. **Personal Liability**. Individuals may be personally liable for TCPA violations when the individual "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018); see also 47 U.S.C. § 217.

## CLASS ACTION ALLEGATIONS

42. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Murray brings this action on behalf of himself and three Classes of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

43. **Class Definitions**. Murray proposes the following Classes:

> **The National DNCR Class**
> All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their residential cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) in the

four years from the filing of this action through the date of class certification.

### The Prerecorded Voice Class
All people in the United States (1) to whom Defendants initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) in the four years from the filing of this action through the date of class certification.

### The Failure to Identify Class
All persons in the United States (1) to whom Defendants initiated more than one telemarketing call within any 12-month period, (2) to their residential cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) four years from the filing of this action through the date of class certification.

44. A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

45. If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

46. **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be

impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least forty members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

47. **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The Supreme Court has said the word question in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but, rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

48. There are questions of law and fact common to the proposed Classes. These questions include, inter alia:

   i.  Did they receive calls from Regal Capital?

   ii.  Were the numbers registered on the DNCR?

   iii.  Were any of the calls using a prerecorded message?

    iv.  Were the calls made for an emergency purpose?

49. **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

50. Murray's claims herein are typical of those of the Classes he seeks to represent. Murray's and the Class members' claims arise from the same conduct of Defendants.

51. **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Murray is an adequate representative of the Classes because his

interests are common with the interests of the Classes, and he will fairly and adequately protect the interests of the Classes by pursuing this matter. Murray is represented by counsel competent and experienced in TCPA and class action litigation.

52. **Predominance of Common Questions and Superiority**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined at a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required.

53. **Superiority**. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation

of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

54. In the present suit, the questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Regal Capital are small because the damages in an individual action for violation of the TCPA are small. Murray is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

55. Managing this case as a class action should have no significant difficulties. The law applicable to each putative class member is identical. The facts are, too. Ultimately, the basic questions in this case are the same for all class members. For The Prerecorded Voice Class: Did Regal Capital call a putative class member without authorization using a prerecorded message? For the DNC Class, the question for all members is: Did Regal Capital call a putative class member who was registered on the DNC registry? For the Failure to Identify Class, the

question for all members is: Did Regal Capital properly identify themselves in the calls? The common answer to these questions will determine Regal Capital liability. Precedent demonstrates these questions can be litigated on a class wide basis.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(c)(2)
### (On Behalf of Murray and the Do Not Call Class)

56. Defendants telephone solicitations to the residential cellular telephones of Murray, and members of the Do Not Call Class, while on the National Do Not Call Registry constitutes a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

57. As a result of the violation of 47 C.F.R. § 64.1200(c), Murray and members of the Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

58. Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C). *Id.*

59. Murray and members of the Do Not Call Class are also entitled to and seek injunctive relief prohibiting Regal Capital and Zachary Ramirez from sending telephone solicitations to phone numbers on the DNCR. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Use of a Prerecorded Voice
**(On Behalf of Murray and the Prerecorded Voice Class))**

60.   Defendants violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded voice to contact Murray and members of the Prerecorded Voice Class.

61.   Murray and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

62.   The Court should award $1,500.00 in statutory damages for each violation because the violations were knowing and willful. *Id.*

63.   The Court should enjoin Defendants from using a prerecorded voice absent proper consent or an emergency. *Id.*

## THIRD CAUSE OF ACTION
### Failure to Identify
**(On Behalf of Murray and the Failure to Identify Class)**

64.   Defendants violated 47 C.F.R. § 64.1200(d)(4) by failing to disclose the name of the individual caller and the full name of the caller and Regal Capital Group, LLC on the calls to Murray and members of the Failure to Identify Class.

65.   Murray and members of the Failure to Identify Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

66. The Court should award $1,500.00 in statutory damages for each violation because the violations were knowing and willful. *Id.*

67. The Court should enjoin Defendants to disclose the name of the individual caller and the name of Regal Capital Group, LLC on all telemarketing calls. *Id.*

## RELIEF REQUESTED

Murray respectfully requests that the Court grant Murray and all Class members the following relief against Regal Capital and Zachary Ramirez:

    A.    Certification of the proposed Classes;

    B.    Appointment of Murray as class representative;

    C.    Appointment of the undersigned as counsel for the Classes;

    D.    An order enjoining Defendants from making telephone solicitations to numbers on the Do Not Call Registry;

    E.    An order enjoining Defendants from making calls with prerecorded messages without consent of the called party;

    F.    An order prohibiting Defendants from making telephone solicitations without disclosing the full name of the caller and the entity on whose behalf the call is made;

    G.    An award of damages to Murray and the Classes;

      H.     Orders granting such other relief as the Court deems necessary, just, and proper. |

## JURY DEMAND

Murray requests a jury trial as to all claims of the Complaint so triable.

Dated: August 17, 2023                 Respectfully submitted,

/s/ *John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Counsel for Plaintiff*