**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Crawford Murray,

Plaintiff,

v.

Regal Capital Group LLC and Zachary Ramirez,

Defendants.

Case No. 3:23-cv-00973

# PLAINTIFF'S MOTION TO ALLOW ALTERNATIVE SERVICE OF PROCESS ON ZACHARY RAMIREZ

Plaintiff Crawford Murray moves this Court for an order authorizing service of process on Defendant Zachary Ramirez via alternative means such as through his attorney, social media, and/or through a family member. Federal Courts have found that service via alternative means is permissible under circumstances where, such as here, the defendant evades service, and the proposed alternative method of service is reasonably calculated to notify the defendant of the action and provide an opportunity to be heard. The grounds for the Motion are more fully set forth in the accompanying Memorandum of Law.

Dated: October 6, 2023

Respectfully submitted,

/s/ *John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Counsel for Plaintiff*

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON ZACHARY RAMIREZ

## I. INTRODUCTION

Zachary Ramirez is an individual behind several corporate entities and/or business trade names involved in telemarking financial products and/or services such as loans.

As set forth in the Complaint, Plaintiff Crawford Murray ("Murray") is the user of a cellular telephone that received multiple prerecorded calls trying to sell loans to Murray without express written consent and while his number was listed on the Do Not Call Registry ("DNCR"). Plaintiff's counsel is aware of numerous other persons that have received the same or similar calls from Defendants. Several of these persons are also represented by Plaintiff's counsel. Accordingly, Plaintiff filed the present Complaint as a putative class action against Defendants' Regal Capital Group, LLC ("Regal") and Zachary Ramirez ("Ramirez") for making unsolicited prerecorded telephone sales calls in violation of federal law, namely the Telephone Consumer Protection Act.

The prerecorded messages in the calls did not identify the full name of the person speaking in the message and did not provide any identifying

information as to the business on whose behalf the call was made. See transcript quoted in ECF 1, ¶¶ 22-24. However, an investigation determined that persons claiming to be Regal answered the phone at the numbers referenced in the prerecorded messages.

Regal has been sued for the same or similar violations on numerous other occasions, but has history of not responding, and then continuing the same behavior. See *Shelton v. Regal Capital Group, LLC*, Case # 2:22-cv-04753-KNS, Pennsylvania, Eastern District (Default entered 1/5/23 and later dismissed for lack of prosecution); *Acuff v. Regal Capital Group LLC,* Case # 3:23-cv-00764-N, Texas, Northern District (No appearance or responsive pleading despite service being completed 4/18/23); *Petromanolakis v. Regal Capital Group, LLC*, Case # 1:23-cv-02030-EK-RE, New York, Eastern District (No appearance or responsive pleading despite service being completed on 3/28/23). Despite being served, Regal also has not responded to the present lawsuit.

Ramirez is/was the CEO of Regal. The lawsuits cited above have put him on notice of the TCPA violations, yet those violations continue. The calls to Murray referenced in the Complaint in the present matter occurred after Regal was served with the summons in at least two of these prior

cases.[1] Ramirez is also believed to be or have been the CEO of another company that engages in the same conduct at issue here. See *Hull v. ZR Consulting LLC & Zachary Ramirez*, Case 3:22-cv-05113-TLF, (Wa. W.D.). Regal has also been administratively dissolved due to tax issues according to the Wyoming Secretary of State's business entity records database. The calls to Plaintiff occurred after that administrative action. See ECF 1, ¶¶ 22-24. These calls occurring months after the dissolution show that someone continues to operate under Regal's name. Ramirez is named as a party to the present suit due to his knowing involvement and control over the actions of Regal and/or taken in Regal's name.

Plaintiff has served Regal in this matter (see ECF 7) but has been unable to serve Ramirez. Ramirez seems to keep a low profile regarding his physical location to avoid service. Using public records information, Plaintiff has identified multiple addresses for Ramirez and attempted service at each but determined that he either no longer resides in any of those locations or residents at one or more location are lying to frustrate service attempts. Included in the attempts were a residence admitted to be

[1] Subsequent to the preparation of the present Complaint, Plaintiff and another client of Plaintiff's counsel received several additional prerecorded calls from "Regal."

that of Ramirez's mother and the business address for one or more "capital" related business entities that have been associated with Ramirez.

Having run out of leads for the address or whereabouts of Ramirez, Plaintiff seeks leave to serve Ramirez via alternative means. While Ramirez is keeping a low profile regarding his physical whereabouts, he has an online presence and is currently involved in other litigation where he is represented by counsel.

## II. Zachary Ramirez is Acting with Intent to Conceal his Involvement and Location to Avoid Liability.

### a. Zachary Ramirez Hides Behind Multiple Business Names

Zachary Ramirez is associated with multiple businesses and/or corporations purporting to be involved in lending. Several of the businesses, i.e., Regal Capital, ZR Consulting, and Pinehurst Funding, appear to be engaging in the same behaviors that violate the TCPA as demonstrated by the other litigation cited above. The script of the calls made to Plaintiff and other clients of Plaintiff's counsel is substantially similar to the script quoted in litigation against Zachary Ramirez dba Pinehurst Funding and ZR Consulting. See ECF 1, ¶¶ 22-24 quoting the prerecorded messages made to Plaintiff Crawford Murray; compare to *Jon*

*Nelson v. Zachary Ramirez dba Pinehurst Funding, et al*., 8:22-cv-01563-FWS-DF (Ca. C.D.), ECF 1, ¶ 20 and *Hull v. ZR Consulting LLC & Zachary Ramirez*, Case 3:22-cv-05113-TLF, (W.D. Wa.) ECF 1, ¶¶ 15-16.

According to the Wyoming Secretary of State, Regal became an inactive corporation on January 9, 2023, just a few days after being defaulted in the *Shelton* case, but before the calls placed to Murray. In the present case, the *Shelton* case, and other TCPA litigation, Regal has not made an appearance in the cases, even though Zachary Ramirez, as CEO, is likely to have received notice of the service of process on the corporation from Regal's registered agent. Such actions of repeatedly not appearing in litigation against Regal are consistent with Ramirez incorporating shell companies to try to obscure his involvement and shield himself from liability. Legitimate companies do not leave their incorporation lapsed for more than eight months.

Ramirez seems to either change the corporate name regularly or use multiple corporate or fictious business names interchangeably. In an online testimonial for ADP, Ramirez identified a name change from ZR Consulting to "US Capital." See https://www.adp.com/resources/what-others-say/testimonials/z/zachary-ramirez-us-capital.aspx. However,

California business records do not reflect any formal name change for ZR Consulting, LLC. Plaintiff has not been able to locate a formal business entity named, US Capital either. In the sales pitch on the pre-recorded calls to Plaintiff, nothing but an individual's first name and a phone number is provided to identify the caller. Upon investigation, individuals answering the phones for those numbers provided in the message stated that they were with Regal Capital Group and also that Pinehurst Funding was the same company.

Further, the business address identified in California Secretary of State records for ZR Consulting, LLC is 1661 N. Raymond #265, Anaheim, CA 92801, but when Plaintiff's process server went to the location looking for Ramirez to serve, the directory in the lobby for Suite 265 and the door to suite 265 both identify the name U.S. Capital.[2] In a training video on "cold calls" posted to the internet sites Vimeo and YouTube, Ramirez provides a script in which he is coaching people to identify themselves as being from yet another name: "Select Funding." See video located at https://vimeo.com/427856343 and ,

[2] See ECF 8, Affidavit of Non-Service, pp. 14-16.

https://www.youtube.com/watch?v=ln826rOmA1Q starting at 8:54 mark. Ramirez current LinkedIn page shows him as being the CEO of US Capital since 2018. https://www.linkedin.com/in/zacharyramirez/. However, a few months ago around the time of the calls to Murray, in the same location on Ramirez's LinkedIn page, it identified him as being the CEO of Regal Capital since 2018, during the same time period. See Exhibit A, p.3.

The lack of accountability of Regal Capital for the illegal calls made in its name, the failure to observe corporate formalities of filing paperwork with the state in which it is incorporated, the continuation of the TCPA violations, and the use of multiple business names are consistent with an effort by individual(s) in control of Regal Capital and these other businesses to hide from accountability. Accordingly, Zachary Ramirez, who self-identified himself as the CEO of Regal Capital Group and/or US Capital on LinkedIn is a named party in this suit. However, Mr. Ramirez's whereabout have not been identified sufficiently to serve him with traditional service of process.

**b. Zachary Ramirez Hides His Physical Location**

Plaintiff has followed all leads as to where Ramirez resides or could be found to effect personal service and attempted to serve him at each but

have not been successful in locating him. See ECF 8, Affidavit of Service, Service Attempts ##1-4 & 9. One such address appears to have been a valid address just months ago. In litigation filed by former business associates, Ramirez was personally served on April 13, 2023 at 6762 Warner Ave. Apt# G4 Huntington Beach, CA 92649. See Proof of Service from *Fund 411, Inc. v. Zachary Rameriz, et.al.* Orange County, California Superior Court, Case # 30-2023-01313393, attached hereto as Exhibit B. Through counsel, Ramirez filed an answer in the Fund 411 case. However, roughly four months later when Plaintiff's process server attempted service in this case at the same address, a resident claimed not to know Ramirez. See ECF8, Affidavit of Service, Service Attempt #2.

Plaintiff also attempted service at an office location of ZR Consulting/US Capital discussed above[3] See ECF 8, Affidavit of Service pp.2-3, Service Attempts ##5-8. The process server made attempts at that

---

[3] Documents filed with the California Secretary of State identify Zachary Ramirez as the manager or member of ZR Consulting, LLC and 1661 N. Raymond Anaheim, CA 92801, #265 as the corporate address. That address does not appear to actually exist, but 1661 S. Raymond, Anaheim, CA 92801 does but the directory in that building identifies U.S. Capital as the occupant of that suite. Plaintiff also attempted to serve Ramirez at the address identified for Ramirez in those filings. The Anaheim address appears to have been occupied by Ramirez in the past as it was identified in the Affidavit of Service for Ramirez in other litigation. See ECF 5, *Hull v. ZR Consulting LLC & Zachary Ramirez*, Case 3:22-cv-05113-TLF, (W.D. Wa.)

office location four different days at different times of day, each time finding no one present at the office, which appeared to be unchanged from the prior attempt, and therefore not regularly occupied.

Ramirez appears to either be actively avoiding service of process in this case, or to regularly hide his location to avoid liability. Evidence shows that it is an intentional strategy. A Reddit user that appears to be Ramirez made several posts that demonstrates this. See https://www.reddit.com/user/slangsomecash/. In one post the user "slangsomecash"[4] identifies himself as the owner of a "private finance company called US Capital" and signs that post with the e-mail address zach@zacharyjosephramirez.com. In the next post, in response to another user's questions regarding being sued, Rameriz begins a response with the statement "I found good legal counsel. I educated myself on the legal process. I learned what to ignore -- ***you would be surprised how many legal situations can be simply ignored***."

https://www.reddit.com/r/Entrepreneur/comments/rp4c6n/comment/hq5zzhp/ (Emphasis added)

[4] The username "Slangsomecash" also matches the username of an Instagram account with a profile picture of a person matching pictures in other accounts discussed herein. https://www.instagram.com/slangsomecash/

**c. Zachary Ramirez is Likely to Already Have Actual Notice of This Lawsuit from Two Sources**

As discussed already, Zachary Ramirez has identified himself as the CEO of Regal Capital Group on LinkedIn. Regal has been served in this litigation already via its registered agent. It is extremely unlikely that the registered agent would not have either directly contacted Mr. Ramirez or somebody high enough in the company that would have contacted Mr. Ramirez to notify him of the suit. The copy of the Complaint served with that summons would clearly identify his name as a defendant and put him on notice of the lawsuit against him.

Second, the process server obtained confirmation from an adult resident of Ramirez's mother's house, who then made significant enough inquiry into the specifics of the case that the process server made note of it in the Affidavit of Non-Service. It is also unlikely that information regarding the existence of the lawsuit did not get shared from the resident to Ramirez's mother and then with Ramirez, if not directly to Ramirez himself.

## III. Where a Proposed Alternative Method of Service of Process is Likely to Notify a Defendant of the Pendency of the Action, Federal Courts Have Allowed the Alternative Method.

District Courts have discretion in the determination of the sufficiency of service of process. *Commodity Futures Trading Commission v. Ooki DAO*, 2022 WL 17822445 at 4 (N.D. Ca. Dec. 20, 2022)). A decision to issue an order granting alternative service is within the discretion of the district court. *GR OPCO, LLC v. Chubb Limited*, 2021 WL 7500321 at 1 (S.D. Fla. Jan 27, 2021); *TracFone Wireless, Inc. v. Washington*, 290 F.R.D. 686, 687-88 (M.D. Fla. Aug. 1, 2013). "A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules." *International Telemedia Associates, Inc. v. Diaz, et. al.*, 245 B.R. 713, 722 (N.D. Ga. Feb. 15, 2000). Where a defendant is evading service, courts are more willing to allow alternative service methods. See *Felix v. Anderson*, 2015 WL 545483 at 2 (N.D. Ca. Feb. 9, 2015).

Pursuant to Federal rules of Civil Procedure, service of process can occur by following state law for either the state where the case is pending, or the service is to be made. Fed. Rule of Civ. Pro. 4(e)(1). Though Plaintiff has not been able to identify the address at which Defendant Zachary Ramirez currently resides, all of the residential addresses associated with Ramirez indicate that he is a California resident. California law provides

that, with court approval, alternative service can be made through publication where a party cannot be served with reasonable diligence. Ca. Code. of Civ. Pro. 415.50.

However, traditional methods of alternative service like publication no longer seem to be calculated to provide actual notice to the person served. *US Bank Trust, N.A. as Trustee fir LSF9 Master Participation Trust v. Plummer*, 2021 WL 606970 (D. Maine Feb. 16, 2021) (noting that societal and technological changes have made service by publication less likely to provide actual notice and should only be used after trying other means more likely to achieve notice); *Frenchans, LLC v. Vestige*, LLC, 2022 WL 20101082 (D. Az. May 11, 2022)( "[R]ealities of modern day make it unlikely that service by publication will actually provide notice of an action to a defendant."); *United States v. Benson*, 2019 WL 6612246 at 2 (N.D. Ca. Dec. 5, 2019) (Noting that service by publication "rarely results in actual notice.").

In the electronic age, many different types of alternative service have been allowed by courts across the country, including things like e-mail, messages on Linkedin, messages on Facebook, and posting on a defendant's website. See *Commodity Futures*, infra., 2022 WL 17822445 at

10; see also *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. March 20, 2002) ( "[W]e conclude not only that service of process by email was proper—that is, reasonably calculated to apprise RII of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach RII."); *Collins v. Doe*, 2010 WL 4954727 (S.D. Tex. Nov. 30, 2010)(Finding that alternative service via e-mail was reasonably likely to give actual notice of the suit to an online business where diligent efforts to obtain an address for traditional service had been made to no avail.); *Power Corp of Canada v. Power Financial*, 2009 WL 982750 (M.D. Pa. April 13, 2009)(allowing e-mail service against internet business where traditional service was unsuccessful because the address identified on the website was not occupied); *Keller Williams Realty, Inc. v. Lapeer*, 2008 WL 2944601 (S.D. Tex. July 31, 2008)(Granting motion to serve via e-mail addresses used in the activities that were the basis of the suit.)

The Ninth Circuit has determined that service by e-mail is allowed and reasonably calculated to give actual notice to California defendants. *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752 at 3 (9th Cir. Mar. 27, 2012).

The various "capital" lending businesses to which Ramirez is associated are functionally equivalent to businesses that are exclusively digital in nature, making this situation similar to the line of cases where federal courts have allowed e-mail service of foreign defendants conducting internet-based businesses. See *Nabulsi v. Al Nahyan*, 2007 WL 2964817, at 7-8 (S.D. Tex. Oct. 9, 2007); *MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008). Ramirez's business model seems to involve broad based cold calling for leads with pre-recorded messages beyond his home state, rather than staffing a brick-and-mortar physical location at which customers can meet face to face with employees of the business. Indeed, Plaintiff Crawford Murray is a Florida resident with a Florida area code that was solicited by Ramirez to contact telephone numbers with area codes outside the state of Florida, not invited to visit a physical location. See ECF 1, ¶¶ 22-24.

## IV. Plaintiff has Identified Several Potential Alternative Methods of Service of Process that are Likely to Provide Actual Notice of the Lawsuit.

Plaintiff has identified multiple ways in which actual notice could be provided that would be more effective than publication, including service

on Ramirez's attorney in other litigation, service via social media, or personal service on Ramirez's mother.

**a. Ramirez Has an Attorney in Other Pending Litigation Upon Whom Service Would be Likely to Provide Actual Notice**

Plaintiff has located a currently pending lawsuit involving Zachary Ramirez in which Ramirez is represented by counsel that appears to have represented Ramirez for multiple years. See *Fund411, Inc. v. Zachary Ramirez, el. al.* Orange County, California Superior Court, Case # 30-2023-01313393. *ZR Consulting, LLC, Zachary Ramirez, et. al. v. Broxton W. Dawson* & Does, Orange County, California Superior Court, Case # 30-2019-01086179 and *ZR Consulting, LLC & Ramirez v. Oscar Morales & Does*, Los Angeles, County, California Superior Court, Case # 19NWCV00573. Seth Wiener represented Ramirez in all three cases, one of which is still pending. The signature block of the pleadings filed by attorney Wiener in the current *Fund 411*case identifies the following contact information:

Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
(925) 487-5607
seth@sethwienerlaw.com

Service on that attorney would also be likely to provide actual notice to Ramirez as he appears to have multi-year legal relationship with Ramirez, as shown by his involvement in the other two cases.

**b. Several Social Media Accounts are Associated with Ramirez**

In the present case, Plaintiff has identified a LinkedIn account (https://www.linkedin.com/in/zacharyramirez/), a Facebook page (https://www.facebook.com/sheerdomination), an Instagram account (https://www.instagram.com/slangsomecash/), a Reddit account (https://www.reddit.com/user/slangsomecash/), and a Vimeo account (https://vimeo.com/user117420130) for Zachary Ramirez. The LinkedIn page specifically identified Mr. Ramirez as the CEO of Regal Capital Group[5] but now identifies Mr. Ramirez as CEO of US Capital. It also indicates that Ramirez is located in Orange County, California. These various pages often cross reference the other pages[6] and business names.[7]

---

[5] Regal Capital Group is a co-defendant in this case and has been served via its registered agent. See ECF 7. As the CEO of this company, Mr. Ramirez likely has actual notice of the suit already.

[6] For example, the usernames on the Reddit and Instagram accounts are both "slangsomecash" and a post on the Reddit account specifically refers to and links to the Instagram page.

[7] The profile for the Instagram account identifies the user as a CEO and provides the link for www.usacapitalco.com, while the LinkedIn account had until recently

They also have enough overlapping information to show that each is associated with the Zachary Ramirez involved in the spam and with the businesses for whom the spam is sent.[8]

Plaintiff requests that alternative service on Zachary Ramirez be granted to allow or include service via one or more of these social media accounts.

**c. Plaintiff Identified a Close Relative's Address to Which Alternative Service Would be Calculated to Provide Actual Notice**

Finally, in the service attempts, Plaintiff also identified the residence of Zachary Ramirez's mother. Public records had indicated that Zachary Ramirez shared a previous address with his mother, so an attempt was made at his mother's current address on the possibility that both moved to

---

identified Ramirez as heading Regal Capital, but now identifies the company as U.S. Capital.

[8] For example, in a video lecture on Ramirez's Vimeo page, he provides a portion of a recommended script that matches very precise phrasing (describing rates as low as 4.8% and that funds can be in your account in less than 1 day) matching both the messages in the calls to Murray and the scripts referenced in other litigation against Ramirez doing business as PineHurst Funding and against Ramirez and ZRConsulting. See video starting at 8:50 mark located at https://vimeo.com/427856343; compare to ECF 1, ¶¶ 22-24 quoting the prerecorded messages made to Plaintiff Crawford Murray and to scripts quoted in complaints in *Jon Nelson v. Zachary Ramirez dba Pinehurst Funding, et al.*, 8:22-cv-01563-FWS-DF (Ca. C.D.), ECF 1, ¶ 20 and *Hull v. ZR Consulting LLC & Zachary Ramirez*, Case 3:22-cv-05113-TLF, (Wa. W.D.) ECF 1, ¶¶ 15-16. Also photos in the profiles and on the pages match each other and appear to match the person in the videos.

the same new location. A resident of that house confirmed that Mr. Ramirez's mother resided at the location but denied that Ramirez lived there and would not provide any other address information for Ramirez. ECF 8, Affidavit of Non-Service, p.2, describing Serve Attempt #4. Based on this information, service on Mr. Ramirez's mother would also be calculated to provide actual notice better than service via publication would.[9]

## V. CONCLUSION

Zachary Ramirez strategically uses business names and entities to hide from legal accountability. He has effectively avoided involvement in numerous lawsuits filed against Regal Capital and hides his physical location to avoid any real personal consequence even though it is highly likely that he actually knows about the current lawsuit. Despite extensive efforts to serve him, Plaintiff has not been able to locate him for service. Mr. Ramirez is presently represented by legal counsel in other pending litigation. Service on that attorney is highly likely to provide actual notice.

---

[9] Indeed, it seems that Ramirez may already have some actual notice from the service attempt at his mother's location. The process server noted that the resident of the property was very inquisitive regarding the nature of the papers being served. See ECF 8, p.2, Service Attempt #4.

Alternatively, or in addition to service on the attorney, Plaintiff also requests leave for alternative service via social media accounts such as LinkedIn or Facebook, and/or service on adult residents at his mother's house located at 14926 Biola Ave, La Mirada, CA 90638.

Dated: October 6, 2023

Respectfully submitted,

/s/ *John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Counsel for Plaintiff*