## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CRAWFORD MURRAY,

          Plaintiff,

Case No: 3:23-CV-00973-MMH-LLL

v.

REGAL CAPITAL GROUP, LLC,
and ZACHARY RAMIREZ

          Defendants.

_____/

### DEFENDANT ZACHARY RAMIREZ ANSWER AND AFFIRMATIVE DEFENSES

        Defendant, ZACHARY RAMIREZ ("Ramirez" or "Defendant") through counsel, submits his Answer and Defenses to Plaintiff's Class Action Complaint. ("Complaint") (ECF 1). Defendant denies any and all allegations in the headings and/or unnumbered allegations in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Defendant responds as follows[1]:

### ANSWER

1. Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

2. Denied.

---

[1] Defendant intends to file today a verified motion to vacate the clerk's default entered on March 5, 2024, (ECF 24) that will demonstrate that good cause exists for setting aside the clerk's default.

3.  Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

4.  Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

5.  Denied.

6.  Denied.

7.  Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

8.  Denied.

9.  Denied.

10.  Denied.

## JURISDICTION AND VENUE

11.  Admitted only insofar as the Complaint purports to bring claims pursuant to the 47 U.S.C. § 227.

12.  Denied that venue is proper in this district and further denied that Defendant can be property subjected to personal jurisdiction in Florida.

## PARTIES

13.  Defendant is without knowledge as to Plaintiff's current residence and therefore denies the allegations contained in this paragraph.

14.  Admitted.

15.  Admitted.

16.  Denied.

## FACTUAL ALLEGATIONS

17.     Denied.

18.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

19.     Admitted solely as to the allegation that the 305 area code is assigned to Florida based numbers. Denied in all other respects.

20.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

21.     Denied.

22.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

23.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

24.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph and each of its sub parts.

25.     Denied.

26.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

27.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

28.     Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

29.     Denied.

30.    Defendant is without knowledge and therefore denies the allegations contained in this paragraph.

31.    Defendant denies the allegations contained in this paragraph and each of its subparts.

32.    Defendant is without knowledge regarding Plaintiff's counsel's other clients and therefore denies the allegations contained in this paragraph.

33.    Denied.

34.    Admitted that Defendant has been named in other lawsuits alleging violations of the TCPA. Denied in all other respects.

35.    Denied.

36.    Denied.

**LEGAL STANDARD**

37.    The allegations contained in this paragraph purport to quote a sentence from an opinion issued by the U.S. Supreme Court and Third District Court of Appeals.  To the extent the allegations fail to properly describe the holdings in these decisions, the allegations are denied.

38.    To the extent the allegations paraphrase and otherwise fail to fully quote the provisions of the statutes referenced in this paragraph, the allegations are denied.

39.    To the extent the allegations paraphrase and otherwise fail to fully quote the provisions of the statutes referenced in this paragraph, the allegations are denied.

40.    To the extent the allegations paraphrase and otherwise fail to fully quote the provisions of the statutes referenced in this paragraph, the allegations are denied.

41.    The allegations contained in this paragraph purport to quote a sentence from an opinion issued by the Third District Court of Appeals. To the extent the allegations fail to properly describe the holding in the referenced case, the allegations are denied.

## CLASS ACTION ALLEGATIONS

42-55. In response to paragraph 42 through 55 of the Complaint, Defendant states as follows: Defendant admits that Plaintiff purports to bring this case as a class action and that the putative classes are defined in Paragraph 43. Defendant denies that it violated the TCPA or any provision contained therein, denies that the calls at issue were sent in the absence of Plaintiff's express consent, denies that Plaintiff has sustained any harm as a result of the alleged violations, and denies that Plaintiff is entitled to any legal, equitable, or other relief in this case. Defendant denies that it violated any laws or duties and further denies that Plaintiff is entitled to sue on behalf of others, obtain class certification, or obtain any other relief against Defendant. Defendant denies the remaining allegations in paragraphs 42-55.

## FIRST CAUSE OF ACTION
(On Behalf of Murry and the Do Not Call Class)

56.  Denied.

57.   Denied.

58.   Denied.

59.   Denied.

## SECOND CAUSE OF ACTION
### (On behalf of Murry and the Prerecorded Voice Class)

60. Denied.

61.   Denied.

62.   Denied.

63.   Denied.

## THIRD CAUSE OF ACTION
### (On behalf of Murray and the Failure to Identify Class)

64.  Denied.

65.   Denied.

66.  Denied.

67.  Denied.

Defendant denies each and every allegation in the Complaint not specifically admitted in this Answer.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Defendant pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant, in whole or

in part, upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to maintain the claims asserted in the Complaint, because, among other things, Plaintiff has not sustained an injury in fact which is concrete and particularized and actual or imminent. In addition, there is no causal connection between the injury and the conduct brought before this Court.

### THIRD DEFENSE

Defendant has complied with the TCPA and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FOURTH DEFENSE

Plaintiff consented to receiving the subject phone calls by voluntarily opting in.

### FIFTH DEFENSE

Plaintiff and/or putative class members are not entitled to injunctive relief. Plaintiff and/or putative class members have an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiff and/or the putative class members cannot show a likelihood that they will suffer any future injury from Defendant. There is no likelihood that Defendant will violate Plaintiff's rights and/or the rights of the putative class members in the future.

**SIXTH DEFENSE**

Plaintiff's alleged damages were caused, in whole or in part, by one or more parties for whom Defendant is not responsible.

**SEVENTH DEFENSE**

The statutory damages sought by Plaintiff on his own behalf and on behalf of a putative class violate the Eighth Amendment and are unconstitutional.

**EIGHTH DEFENSE**

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, such was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, negligence, recklessness and/or intentional misconduct or intervening acts of Plaintiff and/or members of the putative class themselves, and not by Defendant.

**NINTH DEFENSE**

Plaintiff's claims are barred by the equitable doctrine of estoppel.

**TENTH DEFENSE**

Plaintiff, by reason of his own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived any rights he may have had to assert the claims alleged in the Complaint.

**ELEVENTH DEFENSE**

This Court lacks personal jurisdiction against Defendant pursuant to Florida Statutes, §48.193 and the minimum contact requirements pursuant the Fourteenth Amendment, Section 1, of the United States Constitution. Defendant

is a resident of California and has not purposely availed himself of the privilege of conducting activities within this state sufficient to have subjected himself to the personal jurisdiction of this Court.

Defendant has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses are available. Defendant hereby gives notice that it intends to rely upon additional defenses that may become available or appear during the proceedings in this case. Defendant additionally reserves the right to amend its Answer and Defenses to assert any such defenses.

WHEREFORE, Defendant requests judgment against Plaintiff dismissing the Complaint with prejudice, and awarding costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

Respectfully submitted,

THE MILIAN LEGAL GROUP, PLLC

By: */s/ David P. Milian*

David P. Milian, Esq. (Fla. Bar No. 844421)
Email: david@lawmilian.com
Secondary: DavidMilian@Milian-legal.com
Secondary: Elizabeth@lawmilian.com
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Tel: (786) 808-9736
*Counsel for Defendant Zachary Ramirez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court through the Court's CM/ECF Portal and thereby served via email on all counsel of record.

By: /s/ *David P. Milian*
David P. Milian