UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CRAWFORD MURRAY,

       Plaintiff,

v.

REGAL CAPITAL GROUP, LLC,
and ZACHARY RAMIREZ

       Defendants.
_____/

Case No: 3:23-CV-00973-MMH-LLL

## DEFENDANT ZACHARY RAMIREZ VERIFIED RENEWED UNOPPOSED MOTION TO VACATE CLERK'S DEFAULT

Defendant, ZACHARY RAMIREZ, ("Ramirez" or "Defendant") by and through counsel, moves pursuant to Rule 55, Fed. R. Civ. P., for an order vacating the Clerk's Default entered against him on March 5, 2024 (ECF 24). Good cause exists for this Court to set aside the Clerk's Default. Plaintiff does not oppose the request to set aside the clerk's default. As further grounds in support, Ramirez states as follows:

### I. Background

Plaintiff instituted this action by filing a Complaint on August 17, 2023. (ECF 1). The Complaint alleges that Plaintiff received unsolicited telephone calls in violation of the Telephone Consumer Protection Act of 1991 and seeks Rule 23(b)(2) class certification of three nationwide classes. On October 6, 2023, having failed to perfect personal service of process on Mr. Ramirez, Plaintiff filed

1

a motion for leave to effect service of process on Ramirez by alternative means (ECF 9). On December 11, 2023, the Court entered an order denying Plaintiff's motion without prejudice, following a hearing on the matter before Magistrate Judge Laura Lothman Lambert conducted on December 8, 2023 (ECF 13). Plaintiff proceeded to attempt to serve Mr. Ramirez via publication, and on February 9, 2024, Plaintiff filed a proof of publication with the Orange County Reporter. (ECF 19). On March 1, 2024, Plaintiff filed a Motion for Clerk's Default against Mr. Ramirez. (ECF 23). The Clerk entered default against Mr. Ramirez on March 5, 2024. (ECF 24).

Between February 22, 2024, and March 2, 2024, Plaintiff's counsel exchanged emails with Mr. Ramirez, who resides in California and had not yet retained counsel. During the course of the exchanges, Mr. Ramirez made clear that the allegations against him were meritless. Mr. Ramirez supplied Plaintiff's counsel with documentation in an effort to demonstrate this, in the unwittingly misplaced belief that Plaintiff's counsel would in good faith view the records and drop Mr. Ramirez as a defendant.

In a February 22, 2024, response to Plaintiff's counsel's email, *pro se* Mr. Ramirez wrote "I was never served or notified of this in any way shape or form so I am pretty sure this is spam or some sort of scam anyways." On February 27, 2024, Plaintiff's counsel wrote to Ramirez by email and provided Mr. Ramirez with a list of 17 phone numbers of "our valued clients" whom Plaintiff's counsel contended had received unsolicited phone calls. In his email, Plaintiff's counsel offered to settle with Mr. Ramirez in exchange for an exorbitant six figure

2

payment, and invited Mr. Ramirez to make a counter offer. In response, Mr. Ramirez offered to provide documentation showing that Plaintiff and the other non-parties associated with the 17 phone numbers had affirmatively consented (opted-in) to receive the allegedly unsolicited calls.

On March 1, 2024, Mr. Ramirez sent Plaintiff's counsel an email with the trustedform/journey[1] certificates and advised Plaintiff's counsel that the records contained clear "proof of consent for the numbers of [Plaintiff's counsel's] clients." Confident that he had completely debunked Plaintiff's allegations, Mr. Ramirez requested that Plaintiff's counsel let him know "when this lawsuit has been dropped now that I have disproven your clients[sic] frivolous claims."

Instead, that same day, Plaintiff's counsel moved for a clerk's default against Mr. Ramirez. On March 2, 2024, Mr. Ramirez sent Plaintiff's counsel an email lamenting that "you decided to go ahead and proceed with the frivolous litigation." Mr. Ramirez's email attached a copy of his pro se response to the complaint. A copy of Plaintiff's pro se response to the complaint delivered to Plaintiff's counsel on March 2, 2024, is attached hereto as **Exhibit "A."**

---

[1] TrustedForm refers to proprietary software employed to "comply with TCPA regulations by retaining proof of consent…"
(https://activeprospect.com/trustedform/auto-retain/?utm_source=Website&utm_medium=Marketing-CPC&utm_term=&utm_content=&utm_campaign=Google-CPC-US-PMax-Acquisition-Lead-TF&match_type=&device=c&utm_id=19019739781&gad_source=1&gclid=Cj0KCQjw-_mvBhDwARIsAA-Q0Q4_dLDO88S7VtTVrg7II03y8uTtGc6htuVUyJMBB8Oxi5jXZl_xymIaAs5kEALw_wcB)
(last accessed March 23, 2024).

On March 22, 2024, Mr. Ramirez retained undersigned counsel. Undersigned counsel filed a notice of appearance on Mr. Ramirez's behalf on March 22, 2023 (ECF 25).

## II.     Argument

It is axiomatic in this Circuit that defaults are highly disfavored mechanisms for resolving claims "because of the strong policy of determining cases on their merits." *Florida Physician's Inc. Co. v. Ehler,s*, 8 F. 3d 780, 783 (11th Cir. 1993). As demonstrated herein, good cause exists to vacate the clerk's default so that Mr. Ramirez can be afforded the opportunity to have this matter determined on the merits.

"Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court 'may set aside an entry of default for good cause.' Fed. R. Civ. P. 55(c). 'Good cause' is a 'mutable' and 'liberal' standard, 'varying from situation to situation' depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a 'strong policy of determining cases on their merits and we, therefore, view defaults with disfavor.' *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, '[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.' *Compania Interamericana*, 88 F.3d at 951." *Securities and Exchange Commission v. Arbitrade Ltd.*, Case No. 22-cv-23171-Bloom; 2023 WL 2897324 (S.D. Fla. April 11, 2023). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances

4

which warrant the finding of good cause to set aside a default." *Compania Interamericana,* 88 F.3d at 951 (11th Cir.1996).

Mr. Ramirez's failure to file a response to Plaintiff's complaint with the clerk was neither culpable nor willful. Moreover, setting aside the clerk's default will not prejudice the Plaintiff. Finally, Mr. Ramirez has meritorious defenses, as evidenced by the Answer and Affirmative Defenses filed on Mr. Ramirez's behalf (ECF 26).

Mr. Ramirez is a California resident. He engaged with Plaintiff's counsel beginning in February 2024 through email exchanges. Through these communications, Mr. Ramirez provided clear and compelling evidence that he had addressed and refuted the claims of liability for making unsolicited calls to the Plaintiff, demonstrating a proactive and conscientious approach to resolving the allegations against him. Before the entry of the clerk's default, Mr. Ramirez served his pro se answer on Plaintiff's counsel. See, **Exhibit "A.".** His failure to submit a formal answer and affirmative defenses to the Clerk of Courts before Plaintiff motion for a clerk's default was the result of a lay person's misunderstanding of the procedural rules, combined with his mistaken confidence that Plaintiff's counsel would act in good faith, consider the evidence establishing Plaintiff's consent, and drop the claims against Mr. Ramirez. Instead, Mr. Ramirez was met with an exorbitant settlement demand and a motion for clerk's default.

Plaintiff will not suffer prejudice if the clerk's default is set aside. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell v. Henderson,* 434 F.3d 826, 835 (6th Cir.2006). The burden to show prejudice is on the Plaintiff. Plaintiff cannot legitimately contend, much less demonstrate, that he will sustain prejudice amounting to loss of evidence, increased opportunity for fraud, or increased discovery

5

difficulties by setting aside the default. At bottom, Plaintiff will not suffer the sort of prejudice required to warrant a denial of Mr. Ramirez's motion.

Finally, with respect to a meritorious defense, "[l]ikelihood of success is not the measure." *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir.1980). Rather, the defendant need only offer "a hint of a suggestion" that his case has merit. *Moldwood Corp. v. Stutts,* 410 F.2d 351, 352 (5th Cir.1969. Before Plaintiff filed his motion for clerk's default, Mr. Ramirez provided Plaintiff's counsel with documented proof that Plaintiff had consented to receive the disputed calls. Having retained counsel, Mr. Ramirez has filed a formal Answer and Affirmative Defenses to the Complaint which more than meets the low threshold requirement of demonstrating meritorious defenses to Plaintiff's claims.

### III.  Conclusion

Defendant, Zachary Ramirez, respectfully requests an order vacating and setting aside the clerk's default entered against him on March 5, 2024, and providing him with any other relief the Court deems just and proper.

### VERIFICATION

I, Zachary Ramirez, hereby declare and affirm under penalties of perjury that the foregoing facts are true and correct.

Dated: __03/25/2024__       *Zachary Ramirez*
                             Zachary Ramirez

Respectfully submitted,

THE MILIAN LEGAL GROUP, PLLC

By: */s/ David P. Milian*

David P. Milian, Esq. (Fla. Bar No. 844421)
Email: david@lawmilian.com
Secondary: elizabeth@lawmilian.com
Secondary: DavidMilian@Milian-legal.com
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Tel: (786) 808-9736
*Counsel for Zachary Ramirez*

7

**LOCAL RULE 3.01 CERTIFICATION**

Counsel for the movant and Plaintiff's counsel conferred regarding the motion. Plaintiff stated that it disputes any contention that Plaintiff's counsel acted in bad faith or made heavy handed demands. Plaintiff does not, however, object to Defendant's request to set aside the clerk's default.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ David P. Milian*
David P. Milian

# EXHIBIT A

**Response to Complaint: Murray v. Regal Capital Group LLC**

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

**Case No. 3:23-cv-00973**

DEFENDANT ZACHARY RAMIREZ'S COMPREHENSIVE RESPONSE TO PLAINTIFF'S COMPLAINT

Introduction

Defendant Zachary Ramirez, herein refutes the baseless allegations made by Plaintiff Crawford Murray, represented by Madilynn Banks, Michael Hartmere, Kim Tidmore, and Thomas Alvord. This response elucidates the meritless nature of the litigation, the defendant's non-affiliation with Regal Capital Group LLC, and the plaintiff's legal team's unethical practices aimed at manipulating the judicial process.

1. Absence of Evidence

The plaintiff's complaint lacks substantive evidence implicating the defendant in the alleged illegal telemarketing activities. Citing the case of Kolinek v. Walgreen Co., consent has been recognized as a valid defense to TCPA claims, highlighting the baseless nature of the plaintiff's allegations.

2. Existence of Legal Consent

Notwithstanding the unfounded allegations, the defendant, even hypothetically involved in

**Response to Complaint: Murray v. Regal Capital Group LLC**

telemarketing calls, possesses incontrovertible proof of compliance with the TCPA in the form of TrustedForm certificates, akin to the precedent established in Mark S. Mais v. Gulf Coast Collection Bureau, Inc.

3. Unethical Service Attempts and Non-Affiliation

The plaintiff's legal team's attempt to serve the defendant through "publication" in an obscure newspaper, circumventing direct service, is indicative of their intent to sideline due process for a default judgment. This act, combined with the defendant's unequivocal non-affiliation with Regal Capital Group LLC, underscores the frivolous nature of this lawsuit.

4. Intent to Pursue Disbarment for Frivolous Litigation

Given the lawsuit's baseless nature and lack of ethical foundation, the defendant intends to file complaints with the state bar association to seek disbarment actions against Madilynn Banks, Michael Hartmere, Kim Tidmore, and Thomas Alvord for their engagement in vexatious litigation and clear abuse of the legal system.

5. Conclusion

This response, crafted after thorough consideration, calls for the immediate dismissal of the unfounded claims against the defendant. The continuation of this meritless lawsuit not only squanders judicial resources but also unjustly tarnishes the defendant's reputation. The defendant is fully prepared to defend his rights and pursue all necessary legal remedies against those who partake in such irresponsible litigation practices.

**Response to Complaint: Murray v. Regal Capital Group LLC**

Respectfully Submitted,

Zachary Ramirez

562-391-7099