**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| Crawford Murray,<br><br>Plaintiff,<br><br>v.<br><br>Regal Capital Group LLC and Zachary Ramirez,<br><br>Defendants. | Case No. 3:23-cv-00973-MMH-LLL |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Crawford Murray ("Murray") respectfully moves the Court to compel Defendant Zachary Ramirez ("Ramirez") to respond to certain of Murray's discovery requests. Murray makes this request in accordance with Federal Rules of Civil Procedure 26, 30, 34, and 37, as well as Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida ("Handbook").

## I. INTRODUCTION

This dispute arises from two Interrogatories to which Ramirez and his counsel refuse to respond. On August 17, 2023, Murray filed the underlying putative class action complaint against Regal Capital Group LLC ("Regal Capital") and Zachary Ramirez alleging multiple violations under the Telephone Consumer Protection Act

("TCPA"). An Entry of Default was entered against both Defendants. *See* ECF 17, 24.

Thereafter, counsel for Ramirez entered his appearance and an Unopposed Motion to Set Aside Clerk Default was granted. *See* ECF 25, 30. Murray served written discovery on Ramirez on April 19, 2024, which included Interrogatories. *See* Ex. 1.[1] These requests were specific and narrowly tailored to seek information material to the claims asserted by Murray and the putative class members. Specifically, the Interrogatories asked:

> <u>INTERROGATORY NO. 4</u>: Identify all owners (past and/or present) of Regal.

> <u>INTERROGATORY NO. 5</u>: Identify all officers (past and/or present) of Regal.

*See* Exhibit 1-A at 8-9. After an agreed upon extension of time, Ramirez responded on May 28, 2024. *Id*. Unfortunately, his responses contained improper and inapplicable objections. Specifically, to both Interrogatories above, Ramirez responded: "Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense." *Id*.

---

[1] Exhibit 1-A contains Ramirez's Responses to Murray's Interrogatories;
Exhibit 1-B contains Ramirez's Responses to Murray's Request for Admission.

On June 25, 2024, Murray sent Ramirez a letter outlining Ramirez's deficiencies and requesting a meet-and-confer. *See* Ex. 2 at 5[2]. Counsel for the parties met on July 11, 2024, and discussed issues relevant to the two Interrogatory responses, as well as deficiencies in response to Interrogatory No. 6. Immediately following the meet-and-confer, Murray's counsel proposed a compromise to Interrogatory No. 6, but asked that Ramirez respond to Interrogatories No. 4 and 5 in full. *See* Ex. 3 at 7-8.[3] Murray's counsel then followed up with Ramirez's counsel on July 16th and July 25th. *Id* at 6-7. On July 25, 2024, Ramirez's counsel finally responded that he was still awaiting his client's authorization to resolve the matter. *Id.* at 5. Finally, on August 8, 2024, Ramirez's counsel emailed that Ramirez would agree to respond without objection to amended versions of interrogatories 4, 5, and 6. *Id.* at 3. Counsel have been able to agree to a compromise on Interrogatory 6, but have been unable to agree to amended versions of Interrogatories 4 and 5.

As such, Murray filed this Motion to Compel asking the Court to compel responses to Interrogatories 4 and 5 and compel a response to the agreed upon amended Interrogatory 6.

[2] Exhibit 2-A contains the email exchange;
Exhibit 2-B contains the Deficiency Letter.

[3] Exhibit 3 contains email discussions.

## II. LEGAL STANDARD

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007). The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 615CV1185ORL22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016).

Federal Rule of Civil Procedure 26(b) sets forth the scope of discovery, which provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevancy is determined based on the 'tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.' Fed. R. Evid. 401." *Hankinson v. R.T.G. Furniture Corp.*, No. 15-81139-civ-Cohn/Seltzer, 2016 WL

1182768, at *1 (S.D. Fla. Mar. 28, 2016) (quoting *Garcia v. Padilla*, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016)).

Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

When objecting to a discovery request, the "[p]arties are not permitted to assert. . . conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." *Martin v. Zale Del., Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008). Indeed, an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant ... must include a specific explanation describing why." *Id.* at *1–2. Finally, "[o]bjections based on privilege or work product protection must be made expressly." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31,

2015) ("A party cannot assert a privilege by saying that responsive documents might be privileged").

Courts have found that this type of information is discoverable and not overly broad. *See Select Exp. Corp. v. Richeson*, No. 10-80526-CIV, 2011 WL 13227741, at *1–2 (S.D. Fla. Jan. 27, 2011) (grating motion to compel to interrogatory question "[i]dentify the owner(s), officer(s), shareholder(s) and directors for each of the defendants" because defendant did not show that defendants' corporate relationships are not broadly relevant to the litigation); *SHM Intl. Corp. v. Chant Heat Energy Sci. & Tech. (Zhongshan) Co. Ltd.*, No. 1:14-CV-1446-ODE, 2015 WL 11404609, at *15 (N.D. Ga. July 29, 2015) (granting plaintiff's motion to compel "all officers, directors, and board members of" defendant's companies and holding that "the issue for discovery is broad enough to include [defendant's] corporate structure and the officers, directors, and board members of the related [defendant] entities").

## III. AGRUMENT

The Interrogatories at issue are both relevant and proportional to the needs of the case. Murray makes the following claims:

> **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using "an artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2); see Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1170 (2021).

> **Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

> **Failure to Identify**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

In relation to the above claims, Murray proposes the following three classes:

> **The National DNCR Class**: All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their residential cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) in the four years from the filing of this action through the date of class certification.

> **The Prerecorded Voice Class**: All people in the United States (1) to whom Defendants initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) in the four years from the filing of this action through the date of class certification.

> **The Failure to Identify Class:** All persons in the United States (1) to whom Defendants initiated more than one telemarketing call within any 12-month period, (2) to their residential cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) four years from the filing of this action through the date of class certification.

Murray believes, for reasons set forth in his Complaint, that Ramirez has control over the actions of Regal Capital that are at issue in this litigation. *See* ECF 1. Specifically, Murray believes that Ramirez personally initiated the calls and actively authorized or oversaw and directed the telephone spam to Murray and the

putative class members. *Id.* at 8. Indeed, Ramirez admits in his discovery responses that he helped develop the business plan for and is familiar with Regal Capital. *See* Ex. 1-B at 12-13. Furthermore, Ramirez asserts that he sent Plaintiff's counsel opt-in forms via email. *Id.* at 8. While Murray denies the validity of these opt-in forms, it brings to question how Ramirez can have these alleged consent forms if he did not play a pivotal role overseeing, authorizing, or placing the spam calls to Murray and other putative class members. Murray is unable to get information concerning Regal Capital from another source, as Regal Capital has been unresponsive in this litigation. It is also believed that Regal Capital is or was a small company for which it would not be overly burdensome for Ramirez to provide the names of owners and officers of Regal Capital.

Furthermore, the identity of owners and officers of Regal Capital is relevant to determining the appropriate parties for deposition, conducting further discovery, assessing potential witnesses, and determining company procedure in making such calls. Because both individuals and corporations may be held liable under the TCPA, defendants' business relations and corporate structure are relevant to this putative class action. There is no legitimate basis for Ramirez to assert these discovery requests are beyond the permissible scope of discovery and Ramirez gives no further details as to how these Interrogatories seek information beyond the permissible scope of discovery.

## IV. CONCLUSION

Despite Plaintiff's consistent attempts to resolve discovery disputes through "a spirit of cooperation and civility," Defendant has delayed, ignored, or disregarded any offered solutions or communications. *See* Handbook. Notably, Ramirez still has not even produced his Federal Rule of Civil Procedure 26(a) disclosures that were due May 3rd, nor has he provided deposition dates requested in multiple emails. The information sought is not beyond the scope of permissible discovery. It is specific and narrowly tailored to the needs of the case. Ramirez is not permitted to determine unilaterally what he will and will not produce. He must comply with his good faith discovery obligations. As such, Murray respectfully asks this court to compel responses to discovery on this matter.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I, Karissa Murphy, certify that I have conferred with opposing counsel in good faith prior to the filing of this motion. Counsel had a meet-and-confer on July 11, 2024, wherein the Interrogatories at issue were discussed. Since then, counsel have engaged in several communications via email regarding the deficiencies and potential compromises. Unfortunately, the parties are unable to come to a resolution.

*[Signature to Follow]*

Dated: 9/4/24

Respectfully submitted,

/s/ *Karissa Murphy*

Karissa Murphy
Pennsylvania Bar No. 325780
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090 Ext. 30132
Karissa.murphy@lawhq.com