# Exhibit 1

# Exhibit 1-A

Defendant Zachary Ramirez's Responses to Plaintiff Crawford Murray's First Set of Interrogatories

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Crawford Murray,<br><br>Plaintiff,<br><br>v.<br><br>Regal Capital Group, LLC and Zachary Ramirez,<br><br>Defendants. | Case No. 3:23-cv-00973-MMH-LLL |

**DEFENDANT ZACHARY RAMIREZ'S NOTICE OF SERVICE OF RESPONSES TO PLAINTIFF CRAWFORD MURRAY'S FIRST SET OF INTERROGATORIES**

Defendant, Zachary Ramirez, pursuant to Rule 33 of the Federal Rules of Civil Procedure hereby gives notice of serving Responses to Plaintiff's First Set of Interrogatories.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2024, a true and correct copy of the foregoing was served via email on Plaintiff's counsel of record.

THE MILIAN LEGAL GROUP, PLLC

By: */s/ David P. Milian*

David P. Milian, Esq. (Fla. Bar No. 844421)
Email: david@lawmilian.com
Secondary: elizabeth@lawmilian.com
Secondary: pleadings@lawmilian.com

1395 Brickell Avenue, Suite 800
Miami, FL 33131
Tel: (786) 808-9736
*Counsel for Zachary Ramirez*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Crawford Murray,<br><br>Plaintiff,<br><br>v.<br><br>Regal Capital Group, LLC and Zachary Ramirez,<br><br>Defendants. | Case No. 3:23-cv-00973-MMH-LLL |

**DEFENDANT ZACHARY RAMIREZ'S RESPONSES TO PLAINTIFF CRAWFORD MURRAY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure Defendant Zachary Ramirez ("Defendant" or "Ramirez") hereby responds to Plaintiff's First Set of Interrogatories.

**RESPONSES APPLICABLE TO EACH REQUEST**

1. Defendant's responses are based on Defendants' investigation and discovery to date, which is ongoing and not yet complete. Defendants' responses are made to the best of Defendants' current knowledge. Defendants reserve the right to supplement or amend any responses should future investigation indicate that such supplementation or amendment is necessary.

2. Defendant's responses are made solely for the purpose of and in

relation to the above-referenced lawsuit. By responding to any requests, Defendant does not concede that the information sought is relevant to any claims or defense in this or any other action. Instead, each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, hearsay, undue burden, and admissibility.)

3. Defendant's responses are premised on the understanding that Plaintiff seeks information that is within Defendant's knowledge and as to references to any documents, that the documents are in Defendants' possession, custody, or control.

4. Defendant's response to any specific requests is not, and shall not be construed as, an admission of the propriety of the specific request.

5. In providing these responses, Defendant does not in any way waive or intend to waive:

a. The right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses herein or to documents produced in response to the Requests that may arise in any subsequent proceeding in this or any other action, including trial; or

b. The right to object to any ground at any time to other requests involving the subject matter of these Requests.

6. Defendant reserves the right to amend, supplement, or correct these responses if and when he discovers grounds for further responses and objections.

7. Defendant reserves the right to make any use of, or to introduce at hearing or trial, information responsive to the requests discovered subsequent to the date of these requests, including, without limitation, any documents obtained in discovery in this action.

8. All of the Responses contained herein are based only on such information and documents that are presently available to and specifically known to Defendant. Further investigation and discovery may supply additional facts, which may require these responses to be supplemented. Thus, the following responses are given without prejudice to Defendant's rights to supplement or amend them, or to produce evidence of subsequently discovered facts that Defendant may recall or learn at a later date.

## RESPONSES TO SPECIFIC INTERROGATORIES

1. If you contend that you have prior express written consent from Murray to place calls to Murray, explain with specificity the basis for such contention.

**RESPONSE**: I did not place, initiate, send, or make any of the calls that are alleged in the Complaint. In addition, on March 1, 2024, I sent Plaintiff's counsel an email that included links to the trustedform/journey certificates showing Plaintiff's opt-in. TrustedForm refers to proprietary software employed to "comply with TCPA regulations by retaining proof of consent…" These records demonstrate proof of consent regarding Plaintiff's receipt of the alleged calls.

2. Explain your involvement with Regal Capital Group, LLC ("Regal").

**RESPONSE:** No involvement currently. Regal is inactive and was administratively dissolved in 2023. I informally helped develop the business plan for Regal and am familiar with Regal as a company because at one point my intention was to develop Regal's business in the field of assisting other businesses secure capital.

3. Explain how US Capital and Regal are associated in any way.

**RESPONSE:** They are not associated.

4. Identify all owners (past and/or present) of Regal.

**RESPONSE:** Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense.

5. Identify all officers (past and/or present) of Regal.

**RESPONSE:** Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense.

6. Identify all employees (past and/or present) of Regal.

**RESPONSE:** Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense.

7. Identify the company who used the phone number 813-547-2592 to make an outbound call to 305-849-3056 on August 21, 2023.

RESPONSE: I do not know.

8. Identify the company who used the phone number 209-432-5664 to make an outbound call to 305-849-3056 on May 2, 2023.

RESPONSE: I do not know.

## **VERIFICATION UNDER PENALTIES OF PERJURY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATOIRES AND THAT THE FACTS STATED IN IT ARE TRUE.

*/s/Zachary Ramirez*___
Zachary Ramirez
Date: May 28, 2024

# Exhibit 1-B

Defendant Zachary Ramirez's Responses to Plaintiff Crawford Murray's First Set of Requests for Admission

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Crawford Murray,

Plaintiff,

v.

Regal Capital Group, LLC and
Zachary Ramirez,

Defendants.

Case No. 3:23-cv-00973-MMH-LLL

**DEFENDANT ZACHARY RAMIREZ'S RESPONSES TO PLAINTIFF CRAWFORD MURRAY'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Zachary Ramirez hereby provides the following responses to Plaintiff's First Requests for Admissions:

REQUESTSTS FOR ADMISSION

1. Admit that Ramirez has had some involvement, however little, with Regal Capital Group, LLC ("Regal").

**Response: Admitted.**

2. Admit that Ramirez has been involved with a company using the name ZR Consulting.

**Response: Admitted.**

3. Admit that Ramirez has been involved with a company using the name US Capital.

**Response: Admitted.**

4. Admit that Ramirez has been involved with a company using the name Pinehurst Funding.

**Response: Admitted.**

5. Admit that Ramirez is an owner of Regal.

**Response: Denied.**

6. Admit that Ramirez was an owner of Regal.

**Response: Denied.**

7. Admit that Ramirez manages Regal.

**Response: Denied.**

8. Admit that Ramirez managed Regal.

**Response: Admitted as to some aspects of the former business; denied as to some aspects of the former business.**

9. Admit that Ramirez works for Regal.

**Response: Denied.**

10. Admit that Ramirez worked for Regal.

**Response: Denied.**

11. Admit that Ramirez is an officer of Regal.

**Response: Denied.**

12. Admit that Ramirez was an officer of Regal.

**Response: Denied.**

13. Admit that Ramirez is a director of Regal.

**Response: Denied.**

14. Admit that Ramirez was a director of Regal.

**Response: Denied.**

15. Admit that Ramirez is an employee of Regal.

**Response: Denied.**

16. Admit that Ramirez was an employee of Regal.

**Response: Denied.**

17. Admit that Ramirez created the LinkedIn profile for Regal that used to be accessible at www.linkedin.com/company/regalcapitalgroup/.

**Response: Denied.**

18. Admit that Ramirez managed the LinkedIn profile for Regal that used to be accessible at www.linkedin.com/company/regalcapitalgroup/.

**Response: Denied.**

19. Admit that Ramirez registered the domain regalcapgroup.com.

**Response: Denied.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2024, a true and correct copy of the foregoing was served via email on Plaintiff's counsel of record.

THE MILIAN LEGAL GROUP, PLLC

By: */s/ David P. Milian*
David P. Milian, Esq. (Fla. Bar No. 844421)
Email: david@lawmilian.com
Secondary: elizabeth@lawmilian.com
Secondary: DavidMilian@Milian-legal.com
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Tel: (786) 808-9736
*Counsel for Zachary Ramirez*