# Exhibit 2

# Exhibit 2-A

## Email Exchange with Deficiencies and Meet-and-Confer Request

# Re: Case 3:23-cv-00973-MMH-LLL Murray v. Regal Capital Group LLC , (M.D. Fla) Deficiency Letter

Madilynn Banks <madilynn.banks@lawhq.com>
Tue 7/2/2024 7:30 AM

To:David Milian <david@lawmilian.com>
Cc:Paralegal <paralegal@lawmilian.com>;Joseph Reyna <joseph@lawmilian.com>;Karissa Murphy <karissa.murphy@lawhq.com>;John Kauffman <john.kauffman@lawhq.com>

Mr. Milian,

Thank you for your response. I have sent a teams invite for 7/11/24 at 2:30 EST. Please let me know if you do not receive it.

Sincerely,

Madilynn Banks, Litigation Paralegal
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: 385-285-1090 Ext: 30128
Email: madilynn.banks@lawhq.com

LawHQ

*This email may contain privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify sender by telephone or reply email, do not use or disclose the contents to others, and delete the message and all attachments from your computer, system, and/or network.*

---

**From:** David Milian <david@lawmilian.com>
**Sent:** Tuesday, July 2, 2024 6:50 AM
**To:** Madilynn Banks <madilynn.banks@lawhq.com>
**Cc:** Paralegal <paralegal@lawmilian.com>; Joseph Reyna <joseph@lawmilian.com>; Karissa Murphy <karissa.murphy@lawhq.com>; John Kauffman <john.kauffman@lawhq.com>
**Subject:** Re: Case 3:23-cv-00973-MMH-LLL Murray v. Regal Capital Group LLC , (M.D. Fla) Deficiency Letter

Good morning,
We are available on 7-11 for the meet and confer. Does 2:30PM ET work? If so please send a calendar invitation. If not, please propose another time later that afternoon.
No objection to the Motion to have Mr. Kaufman withdraw as counsel.

MILIAN LEGAL GROUP

David P. Milian, Esq.
The Milian Legal Group
1395 Brickell Ave. Ste 800
Miami, Florida 33131
T. 786-808-9736
C. 305-788-6680
david@lawmilian.com
david@milian-legal.com
www.MilianLegalGroup.com

---

**From:** Madilynn Banks <madilynn.banks@lawhq.com>
**Sent:** Tuesday, July 2, 2024 9:35 AM
**To:** David Milian <david@lawmilian.com>
**Cc:** Paralegal <paralegal@lawmilian.com>; Joseph Reyna <joseph@lawmilian.com>; Karissa Murphy <karissa.murphy@lawhq.com>; John Kauffman <john.kauffman@lawhq.com>
**Subject:** Re: Case 3:23-cv-00973-MMH-LLL Murray v. Regal Capital Group LLC , (M.D. Fla) Deficiency Letter

Good morning Mr. Milian,

The attorneys wanted to inquire about the deficiency letter, requested meet and confer dates, 26(a) initial disclosures, and potential deposition dates for Defendant Ramriez detailed in the email below (6/25/24). As two of the three suggested meet and confer dates have passed, Ms. Murphy offers 7/5, 7/10, and 7/11 as new meet and confer dates.

Furthermore, the attorneys would also like to know if you would be opposed to a Motion to Withdrawal Mr. Kauffman, cc'ed above. Thank you for your time.

Sincerely,

Madilynn Banks, Litigation Paralegal
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: 385-285-1090 Ext: 30128
Email: madilynn.banks@lawhq.com

LawHQ

*This email may contain privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify sender by telephone or reply email, do not use or disclose the contents to others, and delete the message and all attachments from your computer, system, and/or network.*

---

**From:** Madilynn Banks
**Sent:** Tuesday, June 25, 2024 12:01 PM
**To:** David Milian <david@lawmilian.com>
**Cc:** Paralegal <paralegal@lawmilian.com>; Joseph Reyna <joseph@lawmilian.com>; Karissa Murphy <karissa.murphy@lawhq.com>
**Subject:** Case 3:23-cv-00973-MMH-LLL Murray v. Regal Capital Group LLC , (M.D. Fla) Deficiency Letter

Good Afternoon,

Please find attached a deficiency letter addressing Defendant Ramirez's discovery responses and suggested meet-and confer dates. We would also like to inquire on the status of the 26(a) initial disclosures we did not receive and have asked for in a previous email on 6/11. Furthermore, pursuant to Middle District Florida's Discovery Handbook II.A.1 Scheduling., it is recommended that we pre-arrange deposition dates prior to serving notice. As such, could you provide three to four dates between August and September 2024 in which we could perform Defendant Ramirez's deposition. Thank you for your time.

Sincerely,

Madilynn Banks, Litigation Paralegal
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: 385-285-1090 Ext: 30128
Email: madilynn.banks@lawhq.com

LawHQ

*This email may contain privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this communication in error, please immediately notify sender by telephone or reply email, do not use or disclose the contents to others, and delete the message and all attachments from your computer, system, and/or network.*

# Exhibit 2-B

Deficiency Letter

LawHQ

June 25, 2024

David P. Milian, Esq.
1395 Brickell Ave. Ste 800
Miami, Florida 33131

Re: *Murray v. Regal Capital Group, LLC and Zachary Ramirez,* No.: 3:23-cv-00973-MMH-LLL

Dear Mr. Milian,

The purpose of this letter is to highlight the deficiencies in your client's responses to our Interrogatories. As you know, on 4/19/24 Plaintiff served his initial set of Interrogatories and Requests for Admission on Defendant, Zachary Ramirez. On 5/28/24, we received Mr. Ramirez's responses after an agreed upon extension of time. Pertinent to this letter, Plaintiff asked Mr. Ramirez the following:

> **INTERROGATORY NO. 4**: Identify all owners (past and/or present) of Regal.
> RESPONSE: Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense.
>
> **INTERROGATORY NO. 5**: Identify all officers (past and/or present) of Regal.
> RESPONSE: Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense.
>
> **INTERROGATORY NO. 6**: Identify all employees (past and/or present) of Regal.
> RESPONSE: Objection. This request seeks information that is beyond the scope of permissible discovery pursuant to Rule 26 (b), Fed. R. Civ. P. in that the request seeks information that is not relevant to any party's claim or defense.

Plaintiff requested the identity of all owners, officers, and employees of Regal Capital within Defendant's knowledge. Defendant objected to such requests on the basis that this

LawHQ



information is beyond the scope permitted by discovery and is not relevant. Rule 26 provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *State Nat'l Ins. Co. v. City of Destin*, Case No. 3:15cv31/MCR/EMT, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015).

Further, the Court's handbook titled, *Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* ("Discovery Handbook") provides guidance for interpreting and answering interrogatories. Such directs the respondent to "answer an interrogatory separately and fully. . . unless the respondent objects, in which event the party objecting shall state with specificity the reasons for objection and shall answer to the extent the interrogatory is not objectionable." *Id*. at 21. Additionally, the Discovery Handbook instructs that interrogatories should be "interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import. When in doubt about the meaning of an interrogatory, the responding party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information." *Id*. at 21-22.

The information sought in Interrogatories 4 through 6 seeks information plainly relevant to Plaintiff's claims. Plaintiff has the following claims:

LawHQ



**Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using "an artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2); *see Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021).

**Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

**Failure to Identify**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

Plaintiff proposes the following three classes related to the above claims:

**The National DNCR Class**: All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their residential cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) in the four years from the filing of this action through the date of class certification.

**The Prerecorded Voice Class**: All people in the United States (1) to whom Defendants initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) in the four years from the filing of this action through the date of class certification.

**The Failure to Identify Class**: All persons in the United States (1) to whom Defendants initiated more than one telemarketing call within any 12-month period, (2) to their residential cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the

LawHQ



calls were made, (4) four years from the filing of this action through the date of class certification.

The identity of individuals who have direct knowledge concerning the calls in question, *i.e.*, the owners, officers, and employees of Defendant Regal Capital, is not only relevant but imperative information for Plaintiff in pursuing his claims. The identity of such persons is also relevant to determining the appropriate parties for deposition, assessing potential witnesses, and defining company procedure in making such calls. Likewise, this information is proportional to the needs of the case.

Given the broad scope of discovery allowed under Rule 26(b), the directly relevant information sought, and the provisions of the Discovery Handbook and Local Rules, your client's objections are facially unfounded. As such, we are respectfully requesting your client provide full responses to the interrogatory questions listed above. Pursuant to Local Rule 3.01(g), I am available for a meet and confer on 6/27, 7/1, or 7/5. I appreciate your assistance in this matter and hope we can resolve this issue without court involvement.

Respectfully,

*/s/ Karissa N. Murphy*
Karissa N. Murphy
*Counsel for Plaintiff*